# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1331V
Filed: May 13, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| RICHARD PARKER, | \* |
| | \* |
| Petitioner, | \* |
| v. | \*   Finding of Fact; Influenza ("Flu") |
| | \*   Vaccine; Shoulder Injury Related to |
| SECRETARY OF HEALTH | \*   Vaccine Administration ("SIRVA"); |
| AND HUMAN SERVICES, | \*   Location of Vaccination; Special |
| | \*   Processing Unit ("SPU") |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Leah VaSahnja Durant*, Law Offices, Washington, DC, for petitioner.
*Justine Elizabeth Walters*, U.S. Department of Justice, Washington, DC, for respondent.

### ORDER AND RULING ON FACTS[1] – SPECIAL PROCESSING UNIT

**Dorsey,** Chief Special Master:

On November 5, 2015, Richard Parker ("petitioner" or "Mr. Parker") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq., (the "Vaccine Act" or "Program").  Petitioner alleges that he suffered an injury to his right shoulder, including Shoulder Injury Related to Vaccine Administration ("SIRVA"), as a result of an influenza ("flu") vaccine he received on November 30, 2013.  Petition at 1.  The case was assigned to the Special Processing Unit ("SPU").

Prompting this fact ruling is a request by the parties for a written determination regarding which arm petitioner received his November 30, 2013 flu vaccination.  After a review of the record as a whole, and for the reasons set forth below, the undersigned finds that there is preponderant evidence to find that Mr. Parker received his November 30, 2013 flu vaccination in his right shoulder.

---

[1] Because this unpublished order and ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

## I.     Procedural History

In his petition filed on November 5, 2015, Mr. Parker asserts that he received a flu vaccine in his right arm on November 30, 2013, at a CVS Pharmacy in Solomon's Island, Maryland. Petition at 1, ¶2. Petitioner then filed three medical record exhibits on November 13, 2015. Exhibit one is a one-page customer receipt from CVS Pharmacy which documents petitioner's November 13, 2013 purchase of the Fluzone vaccine. Petitioner's Exhibit ("Pet. Ex.") 1 at 1. On November 17, 2015, petitioner filed his affidavit and a Statement of Completion signifying that petitioner believed that all relevant medical records have been filed.

An initial status conference was held in this case on December 28, 2015, during which respondent requested that petitioner file a "more complete" vaccination record in order to determine whether there were any notations regarding which arm Mr. Parker received his flu vaccine. Order, filed 12/28/2015. In response, on January 27, 2016, petitioner filed the CVS Vaccine Consent and Administration Record. Pet. Ex. 4. at 1. The record documents "LA" as the site of vaccine administration. *Id.*

On February 12, 2016, respondent filed a status report noting that the CVS Vaccine Consent and Administration Record identifies the site of vaccine administration as "LA" which suggests that the flu vaccine was administered to petitioner's left arm. Respondent's Status Report, filed 2/12/2015. Respondent stated, however, that the histories reported in petitioner's medical records after vaccination all note that the flu vaccine was administered to petitioner's right arm. *Id.* Respondent requested that petitioner clarify this discrepancy. *Id.* An order was issued on February 16, 2016, directing petitioner to submit an affidavit and/or any additional information to support his claim that he received the flu vaccine in his right arm. *See* Order, dated 2/16/2016.

To clarify the discrepancy, Mr. Parker filed a supplemental affidavit on March 14, 2016, stating that he was accompanied by his wife and two children at the time he received his flu vaccination. Pet. Ex. 7. He states that he is not sure why the vaccination record documents that the flu vaccine was administered to his left arm, but it was a possibility that the technician confused the administration site for that of his wife or his children who also received their flu vaccines at the same time. *Id.*

Mr. Parker also filed an affidavit from his wife. *See* Pet. Ex. 8. In her affidavit, Ms. Parker states that she also received her flu vaccination on November 30, 2013, at the same time and location as her husband. *Id.* She states that the flu vaccine was administered to her husband's right arm/shoulder. *Id.* Ms. Parker further states that immediately following the vaccination, her husband complained that his right shoulder was in pain. *Id.*

On April 13, 2016, respondent filed a status report stating that she was interested in pursuing settlement discussion with petitioner. An order was issued the same day for petitioner to file a status report by May 13, 2016, updating the court on the status of the parties' settlement discussions.

On April 25, 2016, the parties filed a joint status report stating that they agree that "a written fact ruling determining the site of administration would be beneficial in moving the case forward toward resolution." Joint Status Report, filed 4/25/2016. This ruling addresses the parties' request.

## II.     Factual History

On November 30, 2013, petitioner received a trivalent influenza ("flu") vaccine at CVS Pharmacy in Solomon's Island, Maryland. Petition at 1, ¶2, Pet. Ex. 1 at 1; Pet. Ex. 4 at 1. In his affidavit, Mr. Parker asserts that he is "100% certain that the shot [he] received was administered in [his] right arm." Pet. Ex. 7 at 1, ¶2 Pet. Ex. 5 at 1. Prior to the injection, the CVS technician asked him which arm was his dominant arm, to which Mr. Parker replied that he was left-handed. *Id.* As a result, the technician administered the flu vaccine to Mr. Parker's right arm. *Id.*

Mr. Parker states that the pain began immediately, "and within hours of receiving the shot the pain became progressively worse." Pet. Ex. 7 at 1. By the next day, the pain in his arm had become so severe that he lost strength and mobility in his right arm. *Id*. Mr. Parker attempted to treat the injury at home by resting, taking ibuprofen, and applying ice. Petition at 2; Pet. Ex. 5 at 1. But he was often awoken at night due to the pain. *Id.*; Pet. Ex. 3 at 8.

In January 2014, Mr. Parker called his primary care physician, Carolyn O'Conor, M.D., at Spectrum Family Medicine. Pet. Ex. 5 at 1-2. He explained that he had been experiencing pain in his shoulder since receiving his flu shot. Dr. O'Conor referred petitioner to a specialist, Dr. Edward J. Bieber.

Mr. Parker presented to Dr. Bieber on January 7, 2014. Dr. Bieber's records note that Mr. Parker had "complaints referable to his right, nondominant shoulder. The patient has had pain over the lateral aspect of the upper arm since a flu shot." Pet. Ex. 3 at 9. Dr. Bieber's impression was right shoulder subacromial syndrome with the possibility of a rotator cuff tear, and right acromioclavicular (AC) joint pathology. *Id.*

Over the next few months, Mr. Parker received a number of steroid injections in his right shoulder to treat the pain. Pet. Ex. 3 at 8, 10-11. Because the injections only provided temporary relief, Dr. Bieber ordered x-rays and an MRI exam. Mr. Parker underwent the MRI on February 11, 2014, which revealed a "partial thickness tear in the distal subscapularis tendon" and an anterior labral tear. Pet. Ex. 3 at 15; Pet. Ex. 6 at 22.

After discussing treatment options with Dr. Bieber, Mr. Parker underwent surgery on his right shoulder on October 2, 2014. Pet. Ex. 3 at 16-17. His surgery was followed by four months of physical therapy. *Id.* at 22-49. Mr. Parker reports that although his condition has improved, he continues to suffer pain in his right shoulder and continues

to be under the care of his primary care physician and orthopedist for this injury. Petition at 2-3; Pet. Ex. 5 at 2-3.

### III.   Discussion

####   a.  Applicable Legal Standard.

A petitioner must prove, by a preponderance of the evidence, the factual circumstances surrounding his claim.  42 U.S.C. § 300aa–13(a)(1)(A).  To resolve factual issues, the special master must weigh the evidence presented, which may include contemporaneous medical records and testimony.  See *Burns v. Sec'y of Health & Human Servs.,* 3 F.3d 415, 417 (Fed.Cir.1993) (explaining that a special master must decide what weight to give evidence including oral testimony and contemporaneous medical records).  Contemporaneous medical records are presumed to be accurate. See *Cucuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993). To overcome the presumptive accuracy of medical records testimony, a petitioner may present testimony which is "consistent, clear, cogent, and compelling." *Sanchez v. Sec'y of Health & Human Servs.,* No. 11–685, 2013 WL 1880825, at *3 (Fed.Cl.Spec.Mstr. Apr. 10, 2013) (citing *Blutstein v. Sec'y of Health & Human Servs.,* No. 90–2808, 1998 WL 408611, at *5 (Fed. Cl. Spec. Mstr. June 30, 1998).)

####   b.  Evaluation of the Evidence

Here, the undersigned finds that there is preponderant evidence to support petitioner's claim that the flu vaccine he received on November 30, 2013, was administered to his right shoulder.

Although the immunization record states that the vaccine was administered to petitioner's left arm, all of the other evidence in the record consistently documents that the vaccine was administered to his right arm as Mr. Parker alleges.  The undersigned observes that from petitioner's initial treatment forward, he consistently reported that his right shoulder problems began after his November 30, 2013 flu vaccination.  Indeed, no other record, other than the vaccination record, makes any reference to the vaccine having been administered to petitioner's left arm (nor do the records note any complaint or injury to his left arm).  Notably, Mr. Parker was accompanied by his wife who also received her flu vaccine at the same time and who corroborates Mr. Parker's assertion that he received the flu vaccine in his right arm.  The undersigned accepts petitioner's affidavit, and that of his wife, to be a credible accounts of the facts surrounding vaccination, having no reason to doubt the truthfulness of the assertions contained therein.

### IV.   Conclusion

**Thus, the undersigned finds, based on the record as a whole, that petitioner received a flu vaccine in his right shoulder on November 30, 2013, as alleged in the petition.**

**The parties are encouraged to consider an informal resolution of this claim. Petitioner shall file a joint status report by <u>Monday, June 13, 2016</u>, updating the court on the status of the parties' settlement discussions.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master